The Honorable Bill Bullock Prosecuting Attorney P. O. Box 1064 Russellville, Arkansas
Dear Mr. Bullock:
Your predecessor in office, Tom Tatum, was requested by the Scott County Judge to seek an opinion on the following question:
 Whether county monies can be spent in the defense of a lawsuit against a county judge by a taxpayer alleging that the county judge has engaged in illegal practices in violation of the constitution and statutes of the State of Arkansas and ordinances of Scott County, Arkansas.
Ark. Stat. Ann. 24-138 (Supp. 1985) provides:
 The county attorney shall commence and prosecute or defend, all civil actions in which his county is concerned; and shall give his opinion, without fee or reward, to any township or county official on any question of civil law concerning the county, which is pending before said official.
Ark. Stat. Ann. 24-140 (Supp. 1985) provides that the office of county attorney shall be funded pursuant to ordinance of the Quorum Court.
Prior to the passage of 24-138, the prosecuting attorney was responsible for representing county officers in both civil and criminal actions. Ark. Stat. Ann. 24-101 (Repl. 1962).
By opinion issued on May 29, 1987, I concluded that it is the responsibility of the prosecuting attorney to defend county officers in civil actions unless the quorum court has created an office of county attorney pursuant to Ark. Stat. Ann. 24-139 (Supp. 1985).
In the factual situation presented in the opinion request, the county judge was being sued in his official capacity in a civil action.
While public funds may not be used to pay attorney's fees for public officials charged with criminal offenses, it appears that counties are obligated to provide a county judge his legal defense in a civil action against a county judge acting in his official capacity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.